**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **CARLOS EFRAIN CHIMBORAZO-GUASCO,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **CAUSE NO. EP-26-CV-55-KC** |
| | § | |
| **MARY DE ANDA-YBARRA et al.,** | § | |
| | § | |
| **Respondents.** | § | |

**SHOW CAUSE ORDER & PREVENTING PETITIONER'S REMOVAL FROM THE COUNTRY & DISTRICT**

On this day, the Court considered Carlos Efrain Chimborazo-Guasco's Petition for a Writ of Habeas Corpus, ECF No. 1. Chimborazo-Guasco is held in immigration detention at the Camp East Montana facility in El Paso, Texas. Pet. ¶¶ 3, 48. He argues that his detention is unlawful and asks the Court to order his release or a bond hearing. *Id.* ¶¶ 50–70; *id.* at 19. He also asks the Court to prevent his transfer outside of the Western District of Texas. *Id.* at 19.

Chimborazo-Guasco has been in the country for approximately eight years and was apprehended and detained by immigration authorities for the first time on January 7, 2026, in Minnesota. *Id.* ¶¶ 1–2, 45. As alleged, his case appears materially indistinguishable from several others in which this Court has found a procedural due process violation. *See, e.g.*, *Martinez v. Noem*, No. 3:25-cv-430-KC, 2025 WL 2965859, at *1–5 (W.D. Tex. Oct. 21, 2025). Of course, Respondents are nevertheless permitted to state their position before a ruling. In doing so, Respondents are encouraged to avoid boilerplate arguments that this Court has already rejected. Absent new authority, they may assume that the Court's position on the law has not

changed and explain whether the facts of Chimborazo-Guasco's case warrant a different outcome.

Accordingly, Respondents are **ORDERED** to **SHOW CAUSE** by **no later than January 22, 2026**, why the application for a writ of habeas corpus should not be granted. *See Lopez-Arevelo v. Ripa*, No. 3:25-cv-337-KC, 2025 WL 3254930, at *2 & n.1 (W.D. Tex. Aug. 26, 2025). The Court will set this matter for a hearing and order additional briefing deadlines, if necessary, upon review of the show cause response.

**IT IS FURTHER ORDERED** that, under its inherent authority to preserve and assess its own jurisdiction, that Respondents **SHALL NOT** (1) remove or deport Chimborazo-Guasco from the United States, or (2) transfer Chimborazo-Guasco to any facility outside the boundaries of the El Paso Division of the Western District of Texas, until the Court orders otherwise or this case is closed. *See Alves v. U.S. Dep't of Just.*, No. 3-25-cv-306-KC, 2025 WL 2629763, at *5 (W.D. Tex. Sept. 12, 2025).

**IT IS FURTHER ORDERED** that to the extent Respondents have not been served, the Clerk of the Court shall **SERVE** copies of the Petition and this Order upon Respondents through their counsel. *See* Habeas Rule 4 ("[T]he clerk must serve a copy of the petition and any order on the respondent[s] . . . .").

**SO ORDERED**.

**SIGNED this 15th day of January, 2026.**

KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE