**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **CARLOS EFRAIN CHIMBORAZO-GUASCO,** | § | |
| **Petitioner,** | § | |
| **v.** | § | **CAUSE NO. EP-26-CV-55-KC** |
| **MARY DE ANDA-YBARRA et al.,** | § | |
| **Respondents.** | § | |

# FINAL JUDGMENT

On this day, the Court considered the case. On January 23, 2026, the Court granted in part Carlos Efrain Chimborazo-Guasco's Petition for Writ of Habeas Corpus and ordered Respondents to either (1) provide him with a bond hearing before an IJ, at which the Government was to bear the burden of justifying, by clear and convincing evidence of dangerousness or flight risk, his continued detention; or (2) release him from custody, under reasonable conditions of supervision. Jan. 23, 2026, Order 2, ECF No. 5. Respondents have now informed the Court that a bond hearing was held on January 28, 2026, and Chimborazo-Guasco was denied bond because the Immigration Judge ("IJ") "found [him] to be a flight risk and that no bond could mitigate risk of flight." Corrected Status Report 1, ECF No. 7; *see id.* Ex. A ("IJ Order") at 1, ECF No. 7-1.

It appears that the only remaining matter to be resolved in this case is Chimborazo-Guasco's request for an award of attorneys' fees under the Equal Access to Justice Act ("EAJA"). *See* Pet. 19, ECF No. 1; *see generally* Jan. 23, 2026, Order. However, successful immigration habeas petitioners are not entitled to attorneys' fees under the EAJA. *Barco v. Witte*, 65 F.4th 782, 785 (5th Cir. 2023).

Accordingly, **the Clerk shall close the case**. To the extent Chimborazo-Guasco wishes to seek additional relief from the Court, he may file a motion to reopen.

**SO ORDERED**.

**SIGNED** this 3rd day of February, 2026.

KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE